UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES H. CARR,<br><br>      Petitioner,<br><br>  v.<br><br>D.K. SISTO,<br><br>      Respondent.<br>_____ | No. 2:04-cv-00584-MCE-JFM HC |
| CHARLES H. CARR, JR.<br><br>      Petitioner,<br><br>  v.<br><br>JOANNE WOODFORD, BOB HOREL,<br>Acting Warden,<br><br>      Respondents.<br>_____ | No. 2:05-cv-01870-MCE-KJM HC<br><br>**ORDER** |
| CHARLES H. CARR, JR.,<br><br>      Petitioner,<br><br>  v.<br><br>BOB HOREL, Acting Warden,<br><br>      Respondent. | No. 2:05-cv-01871-MCE-KJM HC |

----oo0oo----

1

1
2       On November 16, 2010, Respondents filed a Renewed
3  Application to Stay this Court's March 18, 2009 Order in light of
4  intervening authority and given its pending appeal of the Court's
5  decision granting parole to the Ninth Circuit.
6       This Court initially granted a stay for sixty days given
7  Respondent's appeal of its Order finding Petitioner suitable for
8  parole so that Respondents could pursue their appeal.  On May 26,
9  2009, before that sixty day-period expired, Respondents sought
10 for and obtained a stay from the Ninth Circuit itself.  Then, on
11 July 26, 2010, the Ninth Circuit granted Petitioner's motion to
12 lift its stay of the Court's March 18, 2009.  Subsequently,
13 Petitioner was released on parole.
14       Respondents now ask the Court to again revisit the issue of
15 parole despite the fact that the last two orders concerning
16 parole have come from the Ninth Circuit and not from this Court.
17 In light of the pending appeal and the issuance of those orders,
18 Respondents have not demonstrated why this Court, as opposed to
19 the Ninth Circuit, is the proper court for hearing any further
20 challenge to the propriety of Petitioner's parole.  Moreover, to
21 the extent Respondents' challenge before this Court is predicated
22 on intervening Ninth Circuit authority (namely, its decision in
23 <u>Haggard v. Curry</u>, 623 F.3d 1035 (9th Cir. 2010), the holding of
24 that case is now subject to an even more recent Supreme Court
25 case, <u>Swarthout v. Cooke</u>, 131 S. Ct. 859 (decided January 24,
26 2011).  Indeed, Respondents have recognized that change by
27 filing, on February 9, 2011, a Motion to Reinstate Stay with the
28 Ninth Circuit itself, citing <u>Swarthout</u>.

                                2

1    Given that more recent motion, as well as this Court's view
2 that the matter should be decided under the circumstances by the
3 Ninth Circuit in any event, Respondents' Renewed Application for
4 Stay filed here on November 16, 2010 (ECF No. 66) is hereby
5 DENIED, without prejudice to allow the Respondents' Motion to
6 Reinstate Stay to be heard and decided by the Ninth Circuit.
7    IT IS SO ORDERED.

Dated: February 24, 2011

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE